UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMAL SHEHADEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3088 |
| ) | |
| CARLA BENDER, Clerk of ) | |
| the Illinois Appellate Court for the ) | |
| Fourth Judicial District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION**

Plaintiff, proceeding pro se, filed this case in the Springfield Division while incarcerated in the Illinois Department of Corrections. The case was transferred to this Court after Judge Myerscough recused herself pursuant to 28 U.S.C. § 455(a).

Plaintiff was released from prison after filing this case, but the Court is still required by 28 U.S.C. § 1915A to conduct a merit review of the Complaint because Plaintiff filed the case as a prisoner. See Johnson v. Hill, 965 F.Supp. 1487 (E.D. Va. 1997)(§ 1915A applied to action brought by plaintiff while in prison, even though plaintiff was released before screening).

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble,

3:13-cv-03088-JES-BGC   # 11   Page 2 of 4


226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting Bell Atlantic*, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Bell Atlantic*, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

The allegations are taken from Plaintiff's Complaint and from his state court petition for mandamus, which Plaintiff attaches as an exhibit to the Complaint.

In late 2011, Plaintiff filed a complaint with the Illinois Commerce Commission.  The Commission dismissed Plaintiff's Complaint.  Plaintiff sought review of the dismissal, requesting that the Illinois Commerce Clerk send Plaintiff a copy of the record.  Plaintiff also mailed a request to Defendant Carla Bender, the Clerk of the Illinois Appellate Court for the Fourth Judicial District, asking her to send him a copy of the record after the record was filed in the Appellate Court.

Defendant Bender allegedly initially refused to provide Plaintiff with a copy of the record on appeal, despite Plaintiff's request.  Plaintiff maintains that his appeal was dismissed as a result of Defendant's refusal to provide him with a copy of the record.

However, four days after the dismissal Plaintiff filed a petition for mandamus in the Illinois Supreme Court asking the Court to compel Defendant to provide a copy of the record.  Plaintiff's appeal of the Commission's ruling was ultimately reinstated and Plaintiff was mailed a copy of the record by Defendant.

Plaintiff believes that his original requests to Defendant for the record were denied because Defendant has a policy of not sending the record on appeal to incarcerated, pro se litigants.

ANALYSIS

Plaintiff seeks to recover $91.20 in copying and postage costs he incurred in bringing his petition for mandamus in the Illinois Supreme Court, costs he argues were caused by Defendant's initial refusal to send Plaintiff a copy of the record. He asserts that his costs are not recoverable in state court because his mandamus petition became moot shortly after he filed the petition and received a copy of the record.

Whether costs are recoverable in a state action is a matter of state statutory law, just as whether costs are recoverable in a federal action is a matter of federal statutory law.  Recovery of litigation expenses is not guaranteed absent such statutory authorization, regardless of whether a party wins.  For example, both Illinois and federal courts generally follow the "American Rule" that attorney's fees are not recoverable by a prevailing party. *Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 655 (7th Cir. 2007)("Under the traditional 'American Rule,' parties to a lawsuit bear their own costs.").  In short, even accepting Plaintiff's argument that Defendant's wrongful actions caused Plaintiff to incur litigation costs in state court unnecessarily, Plaintiff states no claim for the violation of any federal right.

If Plaintiff is trying to pursue a First Amendment claim against Defendant for denial of Plaintiff's access to the courts, his allegations fail to state a claim.  No access claim arises unless Plaintiff suffered an "actual injury," which means that he must have been prevented from pursuing a nonfrivolous legal claim. *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009)(Plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.").  Plaintiff does not explain his grounds for appealing the Commission's dismissal, precluding this Court from determining the legal viability of Plaintiff's appeal.  Yet even assuming Plaintiff's appeal was nonfrivolous, Plaintiff's pursuit of his appeal was only temporarily delayed, not prevented, by Defendant's alleged initial refusal to send him a copy of the record. Plaintiff's appeal was reinstated and a copy of the record was sent to him, enabling him to pursue his appeal.  No plausible inference arises that Plaintiff suffered any

actual injury as required to state an access to court claim.  Actual injury is the inability to pursue a nonfrivolous legal claim, not unnecessary litigation costs.

      Similarly, as for Plaintiff's allegation that Defendant has implemented a policy of refusing to provide copies of the record to indigent, incarcerated plaintiffs, Plaintiff was not injured by this alleged policy because he did receive a copy of his record and was able to pursue his appeal.

IT IS THEREFORE ORDERED:

      1)    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  This case is closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

      2)    This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

      3)    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective.).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 3rd day of June, 2013.

                                            s/James E. Shadid
                                              James E. Shadid
                                      United States District Judge